DA.NII2I., J.
 

 This case is, in substance, an application to the Court by the sheriff, for information, how he ought to make his returns, upon the several executions which are in his hands. It is not like the case of
 
 Yarborough
 
 v
 
 State Bank,
 
 (2 Dev. 23,) where the money was paid into Court. The sales amounted only to $>501 55. Ramsour, one of the execution creditors to the amount of $1131 61, gave the sheriff a bond of indemnity to levy at his instance on the slaves, as ffm. Fullenwider’s property. The sheriff says, that, as the said slaves were then in possession of one Hays; under a claim of title, .he should not have made the levy without the said indemnity. He has not abandoned his indemnity, And as he has hitherto gone on, and made his levy and sales, clinging to his indemnity, we think that he has no right, in this stage of the proceedings, to ask the Court, how he ought to make his returns, so as to secure himself from any liability to the dissatisfied creditors-. As he is acting under a bond of indemnity, the Court cannot interpose by rules on the parties, but he nnist make his returns on the executions upon his own judgment and at his peril. Upon such an
 
 ex parte
 
 application by the sheriff, the creditors would not be concluded, and if the officer chose to abide by an opinion given to him by the court, one of the creditors could not appeal therefrom. Whether, therefore, the Court was right or not in thinking that the indemnifying creditor had a right to the money raised by the sheriff, the other creditors could not try the question in this form — the sheriff still holding the money in his own hands. As between the sheriff and Ramsour, the former might have been bound to pay the money to the latter by what had taken place between them, while the sheriff might also be liable in law to pay a
 
 *136
 
 share thereof to the other creditors, if in truth the negroes were Tullenwider’s and not Hays’. But that question must be tried in the proper manner. This is not the proper mode pp doiug so. because, when a sheriff acts under an indemnity, he does so at the risk of the indemnifying creditors, whose interests the sheriff thereby undertakes to subserve. He does not stand before the Court in such a case, merely as an officer: and therefore the Court is not bound to advise hitn. But if the Court should advise him to conform to the obligations arising out of the indemnity, it leaves the other creditors unaffected by that advice, and they cannot appeal.. — . While, therefore, we think that' the Court ought not to have made the order on the sheriff to return the money as Ram-sour’s, we likewise think that the appeal ought not to have been granted to Young and others, and that it should have been dismissed and with costs in the Superior Court: and this will be certified to the Superior Court.
 

 Per Curiam, Ordered accordingly.